UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JARRETT,

        Plaintiff,

Case No. 1:13-cv-139

Hon. Gordon J. Quist

vs.

BROOKE SNYDER, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff has filed a § 1983 civil rights action against defendants. This matter is now before the court on plaintiff's *ex parte* "Motion for temporary restraining order and preliminary injunction" (docket no. 6).

**I.    Plaintiff's complaint**

Plaintiff alleged that he is a practicing Buddhist. Compl. at ¶ 1. On December 10, 2010, while housed at the Michigan Training Unit (MTU), plaintiff was interviewed pursuant to Michigan Department of Corrections (MDOC) policy for placement on a diet which conformed to his Religious Beliefs and Practices. *Id.* Plaintiff was later approved for placement on the strict vegetarian diet. *Id.* On June 18, 2012, while housed at the Ionia Correction Facility (ICF), an NOI (Notice of Intent) was written against plaintiff seeking to remove him from the religious diet, because he was suspected of violating the restrictions of the diet by eating food served on the main line. *Id.* at ¶ 3. Plaintiff was interviewed regarding the accusations on June 19, 2012. *Id.* at ¶ 4. In preparation for the hearing, plaintiff submitted a statement of defenses to defendant Assistant Resident Unit Supervisor (ARUS) Snyder. *Id.* at ¶ 5. Plaintiff alleged that no hearing was held, but

that on August 3, 2012, he was advised by Food Service Supervisor J. Dykstra that he was taken off the strict vegetarian diet. At that time, plaintiff was shown a copy of a hearing report by defendant Snyder dated August 2, 2012, stating that Snyder had conducted a hearing and removed him from the diet. *Id.* at ¶ 6. Plaintiff alleged that Snyder's actions violated his 1st Amendment right to freely practice his religion and 14th Amendment right to due process. *Id.* at ¶¶ 29-31. For his relief, plaintiff seeks, among other things, a court order directing the MDOC "to immediately reinstate [p]laintiff to participate in the Strict Vegetarian Diet Line in keeping with [p]laintiff's religious beliefs and practices." *Id.* at ¶ 33. Plaintiff also seeks a court order directing "the MDOC to keep [p]laintiff, as long as he is in their custody, within a reasonable distance to his home region of Wayne County so as not to present an appearance of retaliation for bringing forth this lawsuit." *Id.* at ¶ 34.

        About one month after filing this action, plaintiff filed the present motion for a temporary restraining order (TRO) and preliminary injunction directing the MDOC to "Transfer plaintiff to Macomb Correctional Facility within ten (10) days where he will be allowed to [p]articipate on [t]he Strict Vegetarian Diet Line in line with his Religious belief." Motion for TRO at p. 14. Plaintiff has submitted an affidavit in support of his motion for a TRO dated August 16, 2012 (approximately six months *before* filing the motion). *See* Aff. (docket no. 7-1). The affidavit states as follows. On June 19, 2012, plaintiff was reviewed on an NOI to remove him from the strict vegetarian diet line because plaintiff had eaten foods that were not approved. Jarrett Aff. at ¶ 1. Plaintiff did not have the hearing. *Id.* at ¶ 2. On August 3, 2012, a hearing report was distributed to the food service removing plaintiff from the diet. *Id.* at ¶ 3. Plaintiff had no knowledge that he

2

was removed from the diet until being informed of that fact by Supervisor J. Dykstra on August 3, 2012. *Id.* at ¶ 4.

## II. Temporary restraining order (TRO)

Fed. R. Civ. P. 65(b)(1) provides for the issuance of a TRO as follows:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

"An ex parte temporary restraining order is an extraordinary remedy which will not be granted unless the movant clearly shows that such relief is warranted." *Fort Wayne Women's Health Organization v. Brane*, 734 F.Supp. 849, 850 (N.D. Ind. 1990). "Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974). *See also, Howard v. Management Training Corp.*, No. 3:13-cv-580, 2013 WL1284243 at *1-*2 (N.D.Ohio March 15, 2013) ("The Sixth Circuit has explained that 'the purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had'"), quoting *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). "The normal circumstance for which the district court would be justified in proceeding ex parte is where notice to the adverse party is impossible, as in the cases where the adverse party

is unknown or is unable to be found." *First Technology Safety Systems, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

Based on this record, plaintiff is not entitled to issuance of a TRO. Plaintiff's complaint and affidavit filed in support of his TRO set forth the circumstances surrounding his removal from the strict vegetarian diet at ICF. As an initial matter, neither the complaint nor the affidavit were based upon personal knowledge sufficient to support a TRO. Plaintiff's complaint, while including a notarized verification, was not based upon personal knowledge; rather, plaintiff stated "that the foregoing information is true and correct to the best of my knowledge, information, and belief." Compl. at p. 9. The complaint does not distinguish between statements made on "information and belief" and statements made on plaintiff's "personal knowledge". Similarly, while plaintiff's affidavit includes a notary jurat, he did not attest to personal knowledge of the facts stated therein; rather, plaintiff stated that the facts "are true and accurate to the best of my knowledge, information and belief." Jarrett Aff. These statements by plaintiff, which are not based exclusively on his personal knowledge, are not sufficient to support the extraordinary remedy of a TRO. Where a plaintiff's pleadings contain an amalgamation of statements made on "information, knowledge and belief," such a combination "provides no basis on which to render the extraordinary relief of a TRO." *Advocacy Organization for Patients and Providers v. Mercy Health Services*, 987 F. Supp. 967, 974, fn. 13 (E.D. Mich. 1997). *See Wells Fargo Advisor, LLC v. Kolhoss*, No. 2:13-cv-190, 2013 WL 486977 at *2 (D. Nev. Feb. 6, 2013) (affidavit from person lacking personal knowledge

cannot establish that the plaintiffs would suffer immediate and irreparable harm without the requested TRO).[1]

Even if all of the allegations in plaintiff's complaint and affidavit met the personal knowledge requirement, neither document establishes the need for issuance of a TRO because plaintiff does not seek to maintain the status quo; rather he seeks to change the status quo by having this court direct the MDOC to transfer him to a specific correctional facility and to reinstate a prison diet restriction which the MDOC previously removed. In addition, plaintiff's claims fail to demonstrate that he will suffer irreparable injury before the MDOC can be heard in opposition to his motion for a TRO. A prisoner's demand to be placed on a religious diet does not present the type "immediate and irreparable injury, loss, or damage" that merits a TRO under Fed. R. Civ. P. 65(b)(1). *See Schuh v. Michigan Department of Corrections*, No. 1:09-cv-982, 2010 WL 3648876 at *2 (Report and Recommendation) (July 26, 2010), adopted 2010 WL 3655654 (Sept. 16, 2010) (W.D. Mich.) (plaintiff prisoner's desire to be placed on a Kosher diet does not involve the type of immediate and irreparable injury, loss, or damage that merits issuance of a TRO); *Daly v. Lappin*, No. *05-276-DH, 2006 WL 468723 at *1 (S.D. Ill. Feb. 27, 2006) (in denying a prisoner's request

---

[1] Courts apply this strict personal knowledge requirement in granting other relief, such as preliminary injunctions and summary judgment. *See Marshall Durbin Farms, Inc. v. National Farmers Organization, Inc.*, 446 F.2d 353, 357 (5th Cir. 1971) ("While we do not rule out the possibility that hearsay may form the basis for, or contribute to, the issuance of a preliminary injunction, the district courts have shown appropriate reluctance to issue such orders where the moving party substantiates his side of a factual dispute on information and belief"). *See also Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002) (the "personal knowledge requirement [of Rule 56] prevents statements in affidavits that are based, in part, 'upon information and belief' - instead of only knowledge - from raising genuine issues of fact sufficient to defeat summary judgment"); *Dellacava v. Painters Pension Fund of Westchester and Putnam Counties*, 851 F.2d 22, 27 (2d Cir.1988) (statements in an affidavit made "upon information and belief" have "no probative value and may not be considered in a motion for summary judgment"); *Wuliger v. Eberle*, 414 F.Supp.2d 814, 818 (N.D.Ohio 2006) (" It is axiomatic that affidavit evidence must be based upon personal knowledge. . . Information averred to the best of the affiant's knowledge or belief is insufficient to meet the requirements under [Fed. Rules Civ. Proc. 56(c)(4)]").

to prevent his removal from a Kosher diet, court noted that the prisoner's allegations did not demonstrate the likelihood of immediate and irreparable harm necessary to obtain a TRO "*before Defendants can be heard*," and that "federal courts must exercise equitable restraint . . . when asked to take over administration of a prisoner, something that is best left to correctional officials and their staff") (emphasis in original). Finally, plaintiff's request for a transfer consists of pure speculation that someone might retaliate against him for filing this action. Injunctive relief "will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts*, 282 U.S. 660, 674 (1931). Accordingly, plaintiff's request for a TRO should be denied.

### III. Preliminary injunction

With respect to the motion for preliminary injunction, plaintiff filed this motion before defendant was served with process. Fed. R. Civ. P. 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." "The purpose of Rule 65(a)(1)'s notice requirement is to allow the opposing party a fair opportunity to oppose the preliminary injunction, and compliance is mandatory." *United States v. Microsoft Corporation*, 147 F.3d 935, 944 (D.C. Cir. 1998). Here, plaintiff filed his motion for a preliminary injunction before defendant Snyder was served with a summons and complaint in this matter. When a preliminary injunction is sought under Rule 65(a), service of the summons and the complaint is required. *Carty v. Rhode Island Department of Corrections*, 198 F.R.D. 18, 20 (D. R.I. 2000). *See also, Clement Martin, Inc. v. Dick Corp.*, 97 F. Supp. 961, 963 (W.D. Pa. 1951) ("[s]ince an injunction is sought personal service is required"). It is well settled that without service of process, a court has no jurisdiction over defendants named in a lawsuit. *Carty*, 198 F.R.D. at 20. *See generally*, *3M Company v.*

*Christian Investments LLC*, No. 1:11-cv-627, 2011 WL 3678144 at *4 (E.D. Va. Aug. 19, 2011) (listing cases which concluded "that service of process is a prerequisite to the issuance of an enforceable preliminary injunction"). While defendant Snyder subsequently waived service (*see* Waiver of Service (docket no. 100), she has not yet appeared in this action and, in any event, has never been served with plaintiff's motion for a preliminary injunction. Accordingly, plaintiff's motion for a preliminary injunction should be denied.

### IV. Recommendation

For these reasons, I respectfully recommend that plaintiff's motion for a TRO and preliminary injunction (docket no. 6) be **DENIED**.

Dated: April 10, 2013                    /s/ Hugh W. Brenneman, Jr.
                                         HUGH W. BRENNEMAN, JR.
                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).