UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL JARRETT,

       Plaintiff,

v.                                                       Case No. 1:13-CV-139

BROOKE SNYDER,                           HON. GORDON J. QUIST

       Defendant.
_____/

# ORDER ADOPTING
# REPORT AND RECOMMENDATION

Plaintiff, a pro se prisoner incarcerated with the State of Michigan, has filed an Objection to Magistrate Judge Hugh Brenneman's April 10, 2013 Report and Recommendation (R & R), recommending that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (docket no. 6) be denied. In his motion, Plaintiff seeks an order directing Defendants to transfer him to the Macomb Correctional Facility so that he may participate in the strict vegetarian diet line required by his Buddhist beliefs and practices. The magistrate judge recommended that the Court deny Plaintiff's request for a temporary restraining order (TRO) on the following grounds: (1) Plaintiff's statements and allegations in his complaint and affidavit are not based entirely on personal knowledge and, as such, are not sufficient to support the issuance of a TRO; (2) the relief Plaintiff requests would change, rather than preserve, the status quo; (3) Plaintiff failed to demonstrate immediate and irreparable injury, as required for a TRO; and (4) Plaintiff's request in his complaint for a transfer to another facility to avoid retaliation is based on solely on pure speculation. (R & R at 4–6.) Finally, regarding Plaintiff's request for a preliminary injunction, the magistrate judge concluded that issuance of a preliminary injunction would be improper because

Defendant Snyder had not been served at the time Plaintiff filed his Motion for Preliminary Injunction. (*Id.* at 6–7.)

After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Plaintiff's motion denied.

In his Objection, Plaintiff contends that the magistrate judge erred because Plaintiff has personal knowledge of all facts that are crucial to his motion. Plaintiff further contends that he does not seek to change the status quo because he was previously approved for the strict vegetarian diet to conform to his religious beliefs and, thus, he is not asking the Court to change the status quo by placing him on the vegetarian diet. Plaintiff further argues that he requests a transfer primarily so that he may be returned to the strict vegetarian diet and not to avoid retaliation, although Plaintiff notes that he fears a retaliatory transfer because numerous complaints of retaliation have been filed against the Michigan Department of Corrections. Finally, regarding his request for a preliminary injunction, Plaintiff contends that the Court may now properly consider Plaintiff's motion because Defendant Snyder has appeared through counsel and Plaintiff has served a copy of his motion on Defendant Snyder's counsel.

Even if Plaintiff has personal knowledge of all the factual assertions material to his motion, the Court concludes that the magistrate judge did not err in recommending that Plaintiff's motion for a TRO be denied. Contrary to Plaintiff's argument, a TRO requiring Plaintiff to be transferred so that he may be returned to he strict vegetarian diet would change, rather than preserve, the status quo. "[T]he purpose of a TRO under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had." *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996). As the magistrate judge observed, currently, Plaintiff is not on the vegetarian diet,

so an order directing the MDOC to transfer plaintiff to a specific facility and to reinstate Plaintiff to the vegetarian diet would change the status quo. Furthermore, Plaintiff does not object to the magistrate judge's conclusion—with which this Court concurs—that Plaintiff has not established irreparable harm.

Regarding Plaintiff's motion for preliminary injunction, the Court concludes that such relief is properly denied at this time because Defendant did not have an opportunity to respond to Plaintiff's motion at the time the magistrate judge issued his R & R. Accordingly, now that Defendant Snyder has appeared, Plaintiff may refile his motion—if he still seeks preliminary injunctive relief—and Defendant Snyder may properly respond. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued April 10, 2013 (docket. no. 12) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Plaintiff's Objection (docket no. 17) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (docket no. 6) is **DENIED**.

Dated: June 27, 2013 　　　　　　　　　　　　/s/ Gordon J. Quist　　　
　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE