UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JARRETT,

        Plaintiff,

v.

BROOKE SNYDER, *et al.*,

        Defendants.
                                     /

Case No. 1:13-cv-139

Hon. Gordon J. Quist

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on plaintiff's motion for partial summary judgment (docket no. 103) and defendant Brooke Snyder and Jane Dykstra's motion for summary judgment (docket no. 107).

    **I.**    **Plaintiff's claims**

    **A.**    **Plaintiff's original complaint**

Plaintiff filed this action on February 8, 2013. *See* Compl. (docket no. 1). The gist of plaintiff's claim is that he is a Buddhist who was approved for placement on a strict vegetarian diet, but that whiled housed at the Ionia Maximum Correctional Facility (ICF), defendants removed him from his religious diet without a proper hearing. Specifically, on June 18, 2012, plaintiff was issued a Notice of Intent to Conduct an Administrative Hearing (NOI) as to whether he should be removed from his religious diet. The NOI was issued based on an e-mail sent to ICF Food Service Director Lewis stating that on March 16, 2012, plaintiff and three other prisoners were suspected of violating the restrictions of the diet policy by eating food from the main line. In preparation for the

hearing, plaintiff submitted a statement of his defense, including five questions to be asked and answered before the decision was made. On August 3, 2012 plaintiff was denied his religious meal by Food Service Supervisor (FSS) Jane Dykstra. At that time, Dykstra informed plaintiff that he was no longer authorized to receive a strict vegetarian diet and showed him a copy of a hearing report prepared by Assistant Resident Unit Supervisor (ARUS) Brooke Snyder, stating that Snyder had conducted a hearing on August 2, 2012 and had removed plaintiff from the diet. Plaintiff filed grievances on August 3, 2012, alleging that he had been removed from his diet without a hearing and that defendant Snyder had compiled and circulated a false report of a hearing that she had not conducted. On August 4, 2012, plaintiff filed another grievance alleging that defendant Snyder was discriminating against him.

Plaintiff alleged causes of action against two individuals, ARUS Snyder and Grievance Coordinator Breedlove. Plaintiff alleged that defendant Snyder's action in removing plaintiff from the religious diet without a hearing violated his rights under the Due Process Clause and the First Amendment. Plaintiff also alleged that defendant Breedlove intentionally disrupted the grievance process and deprived him of his right to file a grievance. *See* Opinion (docket no. 4, PageID.30-32). Upon initial screening pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c), the Court dismissed defendant Breedlove and ordered that the complaint be served on defendant Snyder. *See id.* at pp. 1, 5-7; Order for partial dismissal and partial service (docket no. 5).

Some months later, the Court granted plaintiff's motion to amend his complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A). Order (docket no. 33). Plaintiff's amended complaint (docket no. 34) named ARUS Snyder and four new defendants, FSS Jane

Dykstra, Resident Unit Manager (RUM) Harold Gilkey, Deputy Warden Nannette Norwood, and Chaplain Case Cheney. Amend. Compl. at ¶¶ 5-8. The amended complaint was based upon most of the operative facts as the original complaint. Notably, plaintiff changed the date of the religious menu violation from March 16, 2012 to June 16, 2012. *See* Compl. at PageID.2; Amend. Compl. at PageID.259. The amended complaint set forth the following claims. ARUS Snyder violated plaintiff's Fourteenth Amendment due process rights and his First Amendment "Rights to Freedom of Religion" by removing plaintiff from his religiously based diet without conducting a hearing. *Id.* at ¶ 56. FSS Dykstra violated plaintiff's First Amendment right to freely exercise his religion by denying plaintiff his strict vegetarian lunch on August 3, 2012 "and every meal thereafter." *Id.* at ¶ 59. Deputy Warden Norwood and RUM Gilkey failed to act in their supervisory capacity "to curb the actions" of ARUS Snyder or "rectify" Snyder's unconstitutional actions through the grievance process. *Id.* at ¶¶ 57-58. Finally, plaintiff Chaplain Cheney violated plaintiff's First Amendment Rights by refusing to interview plaintiff for the purpose of obtaining his religious diet. *Id.* at ¶¶ 40-44, 60. Plaintiff's amended complaint seeks, among other relief, an injunction to reinstate his participation in the strict vegetarian diet line consistent with his religious beliefs, an injunction to transfer him to the Macomb Correctional Facility which serves the strict vegetarian diet, and monetary damages from the individual defendants. *Id.* at pp. 11-12.

The Court dismissed plaintiff's claims against defendants Cheney, Gilkey and Norwood. *See* Order adopting in part and rejecting in part report and recommendation (R&R) (docket no. 91). However, plaintiff's claims against defendants Snyder and Dykstra survived, with the Court concluding in pertinent part that "MDOC policy allows for a prison to rescind a prisoner's approval for religious meals only after conducting a hearing that complies with specified procedures"

3

[in MDOC Policy Directive 05.03.150 ¶ VV]" and that "there is a dispute of fact as to whether the hearing occurred and whether Plaintiff was present." *Id.* at PageID.614. The parties have completed discovery and this matter is now before the Court on the parties' third round of summary judgment motions.

Based on the pleadings and prior rulings, plaintiff has three claims before the Court. First, ARUS Snyder violated plaintiff's Fourteenth Amendment due process rights by removing plaintiff from his religiously based diet without conducting a hearing. Second, Snyder violated plaintiff's First Amendment right to freely exercise his religion by removing plaintiff from his religiously based diet without conducting a hearing. Third, FSS Dykstra violated plaintiff's First Amendment right to freely exercise his religion by denying plaintiff his strict vegetarian lunch on August 3, 2012 and all meals thereafter.

    **II.**    **The parties' motions for summary judgment**

    **A.**    **Legal standard**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Here, both plaintiff and defendants have moved for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

4

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B. Plaintiff's motion for partial summary judgment

In his motion and brief, plaintiff contends that he is entitled to partial summary judgment against defendant Snyder because the MDOC determined that he was entitled to a vegan diet, that his religious beliefs are sincere, and that he is entitled to the protections of the First and

5

Fourteenth Amendments. In this regard, plaintiff points out that "[i]t is not disputed that Plaintiff was already approved to participate in the religious menu program when the events giving rise to this complaint occurred [sic] the dispute arises only as to whether Defendant Snyder conducted the hearing necessary before removing Plaintiff [sic] said meal program." Plaintiff's Brief (docket no. 104, PageID.644). Plaintiff goes on to state that the MDOC's "prior approval" of his religious diet "settles any question regarding the sincerity of Plaintiff's religious beliefs and establishes that Plaintiff is entitled to the protections of the First and Fourteenth Amendments." *Id.* at PageID.644-645. It is undisputed that the MDOC approved plaintiff for a strict vegetarian diet sometime before the June 16, 2012 incident. The issue before the Court is whether defendants violated plaintiff's constitutional rights on and after June 16, 2012. The fact that plaintiff was originally approved for a religious menu program does not establish that defendants violated his constitutional rights when he was removed from the program at a later date. Accordingly, plaintiff's motion for partial summary judgment (docket no. 103) should be **DENIED**.

        **C.**        **Defendant Snyder's motion for summary judgment**

        **1.**        **Due process claim**

"To establish a procedural due process claim pursuant to § 1983, plaintiffs must establish three elements: (1) that they have a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, (2) that they were deprived of this protected interest within the meaning of the Due Process Clause, and (3) that the state did not afford them adequate procedural rights prior to depriving them of their protected interest." *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). "To claim a constitutionally protected liberty interest, an inmate must show that the actions of prison officials either had the

effect of altering the length or term of imprisonment or amounted to 'atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Russell v. Wilkinson*, 79 Fed. Appx. 175, 178 (6th Cir. 2003), quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

As discussed, during the second round of summary judgment motions, the Court found that there was a dispute of fact as to whether the hearing to remove plaintiff from the vegan diet occurred and whether plaintiff was present at such a hearing. However, even if Snyder failed to give plaintiff a hearing with respect to removing him from the religious diet as provided by MDOC policy, Snyder's action did not deprive plaintiff of a constitutionally protected liberty or property interest in violation of the Due Process Clause. In a factually similar case, *Russell*, *supra*, the Sixth Circuit held that where a prisoner had been approved to participate in a prison's religious meal program (in that case, a kosher meal program) and was removed from the program after he was found to have possessed food items which violated the religious meal program (in that case, non-kosher food items), the prisoner's removal from the religious meal program did not implicate the due process clause because the decision did not constitute the deprivation of a constitutionally protected liberty or property interest. *Russell*, 79 Fed. Appx. at 176-78. Specifically, the discontinuation of the plaintiff's kosher meals "did not affect the length or term of his imprisonment" and "did not amount to an atypical or significant hardship." *Id.* at 178. As the court explained, "[p]rison regulations allow an inmate to obtain such [dietary] accommodations, but also place certain restrictions and availability on those accommodations" and that "[u]ltimately, the decision to grant or deny an accommodation lies within the discretion of the prison warden." *Id.* *See Gutman v. Wrigglesworth*, No. 1:09-cv-628, 2010 WL 1814778 at *2 (W.D. Mich. May 5, 2010) ("The Magistrate Judge correctly noted that the Sixth Circuit Court of Appeals has held that

7

removing an inmate from a prison kosher food program for violation of the rule against possessing non-kosher food while on the program does not violate the inmate's procedural due process rights", citing *Russell*, 79 Fed. Appx. at 178). Plaintiff's removal from the vegan diet did not implicate his federal due process rights. Accordingly, defendant Snyder should be granted summary judgment with respect to plaintiff's procedural due process claim.

### 2. First Amendment claim

Plaintiff also alleged that defendant Snyder violated his First Amendment rights by removing him from the vegan diet. The First Amendment provides in pertinent part that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." It is well established that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (internal citation omitted). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Id.* quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948). This limitation of privileges arises "both from the fact of incarceration and from valid penological objectives - including deterrence of crime, rehabilitation of prisoners, and institutional security." *Id.* citing *Pell v. Procunier*, 417 U.S. 817, 822-23 (1974).

Here, plaintiff has not demonstrated a First Amendment violation. While the MDOC must provide a prisoner with an adequate diet without violating the prisoner's religious dietary restrictions, the constitution does not require the MDOC to provide a prisoner with any particular

8

diet. Rather, "prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions." *Alexander v. Carrick*, 31 Fed. Appx. 176, 179 (6th Cir. 2002).

> For the inmate, this is essentially a constitutional right not to eat the offending food item. If the prisoner's diet, as modified, is sufficient to sustain the prisoner in good health, no constitutional right has been violated. *See Barnes v. Mann*, No. 93-5684, 12 F.3d 211, 1993 WL 483236 at *1 (6th Cir. Nov.22, 1993) (right to a pork-free diet); *Robinson v. Jordan*, No. 89-5967, 900 F.2d 260, 1990 WL 47551 at *2 (6th Cir. Apr. 17, 1990) (Constitution requires adequate diet without violating religious beliefs, not *per se* right to a pork-free diet); *Jabbaar v. Campbell*, No. 87-5033, 826 F.2d 1063, 1987 WL 38430 at *2 (6th Cir. Aug.10, 1987) (right to a pork free diet); *Perkins v. Danvers*, No. 85-3135, 780 F.2d 1022, 1985 WL 13991 at *1 (6th Cir. Nov. 8, 1985) (right to a pork-free diet).

*Alexander*, 31 Fed. Appx. at 179. *See Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) ("This court has previously held that prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions. If the prisoner's diet . . . is sufficient to sustain the prisoner in good health, no constitutional right has been violated") (internal quotation marks and citation omitted).

In *Barnes*, *supra*, the Sixth Circuit rejected a prisoner plaintiff's claim that "his First Amendment right to worship the Muslim religion was violated because the defendant failed to adequately provide food substitutes for pork when pork, pork-items, or pork derivatives were served," finding that "[p]laintiff asserts a legal interest which does not exist." *Barnes*, 1993 WL 483236 at *1. The court explained that:

> [Plaintiff] is not constitutionally entitled to a pork-free diet. Defendant is only required to prepare a diet sufficient to keep prisoners in good health, *see Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir.1982) (per curiam); *Kahane v. Carlson*, 527 F.2d 492, 496 (2d Cir.1975), or in the case of Muslims, a diet which provides them with adequate nourishment without the consumption of pork. *See Ross v. Blackledge*, 477 F.2d 616, 618-19 (4th Cir.1973). To the extent plaintiff may be asserting he is malnourished, he has failed to properly plead such a claim.

*Id*.

The fact that plaintiff was removed from the MDOC's vegan meal program did not, in and of itself, violate his First Amendment rights. Rather, a constitutional violation would occur only if the MDOC failed to "provide an adequate diet without violating [plaintiff's] religious dietary restrictions." *Colvin*, 605 F.3d at 290. Plaintiff neither pled nor demonstrated that the MDOC failed to provide him with such a diet after removing him the vegan meal program. Accordingly, defendant Snyder should be granted summary judgment with respect to plaintiff's First Amendment claim.

### D. FSS Dykstra's motion for summary judgment

Defendant Dykstra presented a cursory argument that she is entitled to summary judgment "[b]ecause the evidence on this record does not support that [plaintiff] suffered a deprivation of a constitutional right." Defendants' Brief (docket no. 108, PageID.667). For the reasons discussed in § II.C., *supra*, the Court concludes that Dykstra did not violate plaintiff's First Amendment rights by denying him a strict vegetarian lunch on August 3, 2012 or strict vegetarian meals thereafter.[1] Accordingly, defendant Dykstra should be granted summary judgment with respect to plaintiff's First Amendment claim.

---

[1] In § III.B. of their brief, defendants state that they "are entitled to qualified immunity." Defendants do not develop this argument. On the contrary, they appear to argue that qualified immunity does not apply, stating that "there is no claim under § 1983, and Defendants have no need for a qualified immunity defense", that defendants "committed no wrong", and that "If an officer committed no wrong, then qualified immunity is not implicated." *See* Defendants' Brief at PageID.667. Defendants have not articulated the basis for a qualified immunity defense. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, the Court deems this defense waived.

### III.     Recommendation

For the reasons set forth above, I respectfully recommend that plaintiff's motion for partial summary judgment (docket no. 103) be **DENIED**, that defendants' motion for summary judgment (docket no. 107) be **GRANTED**, and that this action be terminated.


Dated:  January 11, 2016            /s/ Ray Kent
                                    RAY KENT
                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).