UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JARRETT,

       Plaintiff,                              Case No. 1:13-CV-139

v.                                                Hon. Gordon J. Quist

BROOKE SNYDER, et al.,

       Defendants.

                               /

**ORDER ADOPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATION**

        On January 11, 2016, Magistrate Judge Ray Kent issued a Report and Recommendation (R & R) in which he recommended that the Court dismiss Plaintiff's claims. Plaintiff filed objections, which the Court has reviewed de novo. For the reasons that follow, the Court will adopt the R & R in part and reject it in part.

*Background*

        Plaintiff, who is incarcerated with the Michigan Department of Corrections (MDOC), was previously approved for placement on a strict vegetarian diet based on his religious beliefs. On June 18, 2012, Plaintiff was issued a Notice of Intent to Conduct an Administrative Hearing as to whether he should be removed from his religious diet. On August 3, 2012, Plaintiff was informed that he was no longer authorized to receive the religious diet. He was provided with a report prepared by Defendant Brooke Snyder stating that Snyder had conducted a hearing on August 2, 2012 and had removed Plaintiff from the diet. Plaintiff alleges that the hearing never occurred, and that the report was fabricated.

*Objections*

Plaintiff argues that he is entitled to summary judgment on his claim under the Free Exercise Clause of the First Amendment. Defendants allege that Plaintiff was observed eating from the regular meal line, and that he was removed from the religious diet following a hearing related to that allegation. Taking the facts in the light most favorable to Defendants—as the Court must in considering Plaintiff's motion—there is no Constitutional violation. *See Russell v. Wilkinson*, 79 F. App'x 175, 177 (6th Cir. 2003) (finding no Constitutional violation where an inmate's access to the kosher meal plan was revoked after he was found guilty of possessing non-kosher items). Accordingly, the Court will deny Plaintiff's motion for summary judgment.

Plaintiff objects to the magistrate judge's conclusion that Defendants are entitled to summary judgment on Plaintiff's due process claim. A plaintiff alleging a procedural due process claim must demonstrate "1) a liberty or property interest protected by the due process clause; 2) a deprivation of that protected interest within the meaning of the due process clause; and 3) defendants' failure to afford adequate procedural rights prior to the deprivation." *Id.* at 178. To demonstrate a protected interest, "an inmate must show that the actions of prison officials either had the effect of altering the length or term of imprisonment or amounted to 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2301(1995)). The Sixth Circuit has held that the discontinuation of a religious meal does not amount to an atypical and significant hardship, and thus an inmate does not have a constitutionally protected property interest in receiving a religious meal. *Id.* Because Plaintiff did not have a due process interest in receiving a religious meal, the Due Process Clause did not entitle him to any procedural safeguards before his access to such meal was removed. Accordingly, this claim fails.

Plaintiff next objects to the magistrate judge's conclusion that Plaintiff failed to demonstrate a First Amendment violation. As the magistrate judge explained, the Sixth Circuit has held that "prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions." *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002). Thus, "[i]f the prisoner's diet, as modified, is sufficient to sustain the prisoner in good health, no constitutional right has been violated." *Id.* The magistrate judge found that Plaintiff had not demonstrated that the MDOC failed to provide him with an adequate diet after removing him from the religious meal plan. In his objections, however, Plaintiff points to his previous motion for a temporary restraining order, which included an affidavit stating that he was forced to eat foods that violate his religious beliefs "due to extreme hunger or lack of funds." (ECF No. 8 at Page ID.73.)[1] With that sworn statement, Plaintiff has provided evidence that the regular meal plan is not sufficient to sustain him in good health, and Defendants have not refuted such evidence.

Moreover, although not addressed by the magistrate judge, the Court rejects Defendants' argument, raised in their summary judgment brief, based on *Turner v. Safley*, 482 U.S. 78, 107 S. Ct. 2254 (1987). MDOC policy states that a prisoner's approval for the religious meal plan may be rescinded after a hearing in which the prisoner is found to have consumed food that violates his religious beliefs. MDOC Policy Directive 05.03.150 SS. The Sixth Circuit has held that a prisoner may be removed from a religious meal program pursuant to this policy without violating the prisoner's First Amendment rights. *See Berryman v. Granholm*, 343 F. App'x 1, 6 (6th Cir. 2009). In this case, however, Plaintiff has alleged that he never consumed food that violated his religious beliefs while on the religious meal plan, and that he never received a hearing regarding such

---

[1] Defendants did not argue in their summary judgment brief that Plaintiff could receive an adequate diet through the regular meal plan, and thus Plaintiff did not respond to such argument in his response. Accordingly, the magistrate judge did not have before him Plaintiff's previous affidavit.

3

allegations. Thus, taking the facts in the light most favorable to Plaintiff, Defendants did not rely on MDOC policy in removing Plaintiff from the religious meal plan.

There are issues of fact as to whether Plaintiff was provided a hearing before being removed from the religious meal plan, as required by MDOC policy, and whether Plaintiff can receive an adequate diet on the regular meal plan without violating his religious beliefs. Accordingly, Plaintiff may proceed on his First Amendment claim.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed January 11, 2016 (ECF No. 118), is **ADOPTED in part** and **REJECTED in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 107) is **GRANTED in part** and **DENIED in part**. Plaintiff's due process claims are **DISMISSED without prejudice**. Plaintiff's First Amendment claims may proceed.

**IT IS FURTHER ORDERED** that Plaintiff's' Motion for Summary Judgment (ECF No. 103) is **DENIED**.


Dated: February 29, 2016                    /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE